[No. 6610.  Decided July 8, 1907.]

JAMES J. ANDERSON et al., Respondents, v. GEORGE LAWLER, Appellant.[1]

BROKERS—AUTHORITY—BREACH OF DUTY—SPECIFIC PERFORMANCE. Where a real estate broker was employed by the owner of land to effect a sale, a contract in the form of a receipt to the agent for earnest money, intending a sale to a third party, gives the agent no personal interest which he could enforce in his own favor.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered September 20, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury in an action to quiet title. Affirmed.

[1]Reported in 90 Pac. 913.

*F. S. Blattner* and *Frank H. Kelley,* for appellant.

*Hudson & Holt* and *H. P. Burdick,* for respondents.

MOUNT, J.—This action was brought by the respondents to remove a cloud from the title of certain real estate. It was alleged in the complaint that the cloud consisted of a contract in the form of a receipt, signed by respondent James J. Anderson, acknowledging the payment of $100 as earnest money from appellant for the purchase of the land in question, the receipt stating that, on the payment of $6,090 additional, the respondent James J. Anderson would sell and convey the property to appellant or his assigns; that this contract was void for the reason that the property was community property of respondents at the time the receipt was given and that Mrs. Anderson had not consented to the sale, and for the further reason that the contract was procured through misrepresentations and fraud, and that appellant had placed the same of record in Pierce county where the land was located, and the said receipt thereby became a cloud upon respondents' title. The complaint alleged a tender back of $100, and prayed for the cancellation of the contract and the removal of the cloud. Appellant answered, denying generally all the allegations of the complaint except the execution of the contract, and then alleged affirmatively, by way of cross-complaint, that respondent James Anderson was the owner of the land and entered into the contract with appellant; that the contract was fully complied with on the part of the appellant; and the prayer was for specific performance or for damages.

At the trial of the case to the court without a jury, upon the merits, the court found that the property described was community property of James J. Anderson and wife at the time the receipt or contract of sale was entered into, and that Mrs. Anderson had not consented to the same; and also found that the appellant was engaged in the real estate business at the time the contract was made, and that the appellant was acting as the agent of respondent James J. Anderson, and

caused his principal to believe that the contract for sale was to a third person as purchaser and not to the appellant; that appellant's conduct in this respect was a breach of duty to his principal, and was therefore void; that inasmuch as the contract had been recorded in the auditor's office, it cast a cloud upon the title of the real estate. A judgment was entered as prayed for in the complaint. The appeal is prosecuted from that judgment.

The principal question of fact at issue upon the trial was whether the appellant was himself the purchaser. It was apparently conceded that he had, previous to the date of the contract, been employed as agent by Mr. Anderson to sell the property. The evidence was in conflict in regard to the fact of sale by the principal to the agent. After a careful examination of the record, we find sufficient evidence to support the findings of the court to the effect that the respondent James J. Anderson did not intend a sale to his agent, but intended a sale to some third person, which was never made, and that the agent therefore acquired no personal interest in the contract or in the property which he could enforce in his own favor. It is therefore unnecessary to pass upon other questions presented.

The judgment of the trial court must be affirmed.

HADLEY, C. J., FULLERTON, ROOT, and CROW, JJ., concur.